1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   TANGIERS INVESTORS, L.P.,          )      Civil No. 10cv1118 L (AJB)
                                        )
12                   Plaintiff,         )      **ORDER DENYING WITHOUT**
                                        )      **PREJUDICE REQUEST FOR**
13   v.                                 )      **ENTRY OF DEFAULT [doc. #8]**
                                        )
14   MARK KLEIN,                        )
                                        )
15                   Defendant.         )
                                        )
16   _____        )

17         On May 24, 2010, plaintiff Tangiers Investors filed this action against defendant Mark

18   Klein alleging fraud and deceit, and securities fraud.  Plaintiff sought an extension of time in

19   which to serve Klein because he had moved to Israel and service would be effectuated under the

20   provisions of the Hague Convention. On January 13, 2011, plaintiff filed a proof of service of

21   the summons and complaint and now seeks entry of default. In order to obtain entry of default,

22   the Court must determine whether service of process was proper by looking to the requirements

23   of Federal Rule of Civil Procedure 4. Plaintiff bears the burden of effectuating proof of service.

24   *See Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.,*

25   788 F.2d 535, 538 (9th Cir. 1986).

26         Federal Rule of Civil Procedure 4(f) provides for service on an individual in a foreign

27   country.

28   / / /

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents . . . .

FED. R. CIV. P. 4(f)(1).

As noted above, defendant is alleged to reside in Israel and plaintiff intended service to be effectuated under the requirements of the Hague Convention.[1] The Convention requires the request for service of judicial documents to conform "to the model annexed to the present Convention." (Convention on the Service Abroad of Judicial and Extrajudicial Documents In Civil or Commercial Matters, Art. 3.) The model for service under the Convention provides for the inclusion of three items: (1) a request for service, (2) a certificate, and (3) a summary of the document to be serviced. (Annex to the Convention.)

In requesting entry of default, plaintiff has not provided the Court with the request for service of judicial documents that was sent to the Central Authority of Israel. As a result, the Court is unable to determine what documents were actually presented for service on defendant. Further, the summons that is attached to plaintiff's proof of service of summons and complaint fails to provide the name and address of the person to be served, *i.e.,* defendant Mark Klein.

Although plaintiff attached to its proof of service the certificate required under Article 6 of the Convention, the certificate indicates that "documents" have been delivered to "zaha moshe," whose relationship to defendant Mark Klein is not disclosed. In the absence of any authority on the part of "zaha moshe" to accept service of process for Mark Klein, service may not have been properly effectuated.

Because of these deficiencies in plaintiff's application for entry of default, the Court cannot determine whether defendant Mark Klein has been properly served. As a result, default cannot be entered.

/ / /

---

[1]     Plaintiff does not affirmatively state that Israel is a signatory to the Hague Convention.

1    Based on the foregoing, plaintiff's request for entry of default is **DENIED WITHOUT**

2  **PREJUDICE**.

3    **IT IS SO ORDERED.**

4  DATED:  January 19, 2011

5

6                                              M. James Lorenz
                                               United States District Court Judge

7  COPY TO:

8  HON. ANTHONY J. BATTAGLIA
   UNITED STATES MAGISTRATE JUDGE

9

10 ALL PARTIES/COUNSEL

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3                                                                          10cv1118